UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the matter of American Arbitration Association Arbitration No. 02-16-0001-3705:<br><br>POET DESIGN & CONSTRUCTION, INC.,<br><br>      Claimant,<br>vs.<br><br>ANDRITZ INC.,<br><br>      Respondent. | 19-4070<br><br>ORDER CONFIRMING ARBITRATION AWARD |

This is a diversity case in which Claimant, POET Design & Construction, Inc. ("POET") commenced this action on April 2, 2019, by filing its Application to Confirm Arbitration Award ("Application"). Doc. 1. Filed under seal concurrent with the Application are copies of: 1) the Final Award of Arbitrators dated April 1, 2019, Doc. 1, Ex. A; 2) the Short Form of Agreement Between Design Builder and Engineer for Professional Services entered into by and between POET and Andritz, Inc. ("the Engineering Contract"), Doc. 1, Ex. B; and 3) the Standard Form of Agreement Between Design Builder and Contractor entered into by and between POET and Andritz, Inc. ("the Performance Contract"), Doc. 1, Ex. C. For the following reasons, the Application to Confirm Arbitration Award, Doc. 1, is granted.

I.  **Summary of Undisputed Material Facts**

This dispute arises from POET's construction of a state-of-the art cellulosic ethanol facility in Emmetsburg, Iowa, known as "Project Liberty" ("the Project"). Doc. 1, ¶ 3. POET began working with Andritz, Inc. ("Andritz") in or around 2009 for the purpose of developing a pre-treatment system ("the System") for the Project, to be designed and supplied by Andritz. Doc. 1, ¶ 4.

On or about July 12, 2010, POET and Andritz entered into an Engineering Contract to provide certain design and engineering services in furtherance of providing POET the System. Doc. 1, ¶ 5. Subsequently, on or about August 29, 2012, POET and Andritz entered into the

1

Performance Contract for the System. Doc. 1, ¶ 6. The Performance Contract contains an arbitration provision which provides in pertinent part that:

> Claims . . . for which initial decisions have not become final and binding, and which have not been resolved by negotiation or mediation, but which are subject to arbitration pursuant to Section 6.2 and 6.3 of the Agreement . . . may at the option of either party, be submitted to, and shall finally be decided by, arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect at the time of the arbitration . . . Any arbitration under this provision will be held in Minnehaha County, South Dakota by a panel of three arbitrators unless otherwise agreed by the parties.
>
> . . .
>
> The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Doc. 1, Ex. C, §§ A.4.4.1 and A.4.4.4.

Certain disputes arose between POET and Andritz regarding Andritz's performance and provision of the System under the Performance Contract. Doc. 1, ¶ 8. As a result of the parties' disputes, pursuant to the Performance Contract, on or about April 18, 2016, POET commenced an arbitration against Andritz with the American Arbitration Association ("the AAA") pursuant to the Construction Industry Arbitration Rules then in effect ("the Arbitration"). Doc. 1, ¶ 9. A panel of three arbitrators was subsequently appointed by the AAA: Adrian L. Bastianelli, Stephen K. Yungblut and H. Bruce Shreves (collectively, "the Panel"). Doc. 1, ¶ 10. Andritz denied POET's claim and alleged certain counterclaims against POET relating to the Project and POET denied Andritz's counterclaims. Doc. 1, ¶ 11. The parties subsequently amended their claims, and all claims arising under the Engineering Contract were consolidated in the Arbitration. Doc. 1, ¶ 12.

For the convenience of the parties, witnesses, and counsel, by mutual agreement, the Arbitration hearing was held at the AAA offices located in Chicago, Illinois. Doc. 1, ¶ 13. On December 3-7, 2018, December 10-14, 2018, and January 7-9, 2019, the Panel held a hearing at which POET and Andritz appeared and offered evidence through live testimony and exhibits ("the Hearing"). Subsequent to the Hearing, by further agreement of the Panel and the parties, the parties submitted post-Hearing briefing to the Panel. Doc. 1, ¶ 15. Following the post-Hearing briefing,

the Arbitration was closed on March 1, 2019, from which time the Panel had thirty (30) days to issue its reasoned award. Doc. 1, ¶ 16.

On April 1, 2019, the Panel issued its reasoned award ("the Award"). In the Award, the Panel unanimously awarded POET the principal amount of $7,533,815.00 in damages against Andritz to be paid "[w]ithin thirty (30) calendar days from the transmittal of [the Award] to the parties," along with "interest at the judgment rate in South Dakota accruing on any amounts remaining unpaid thirty days after receipt of [the Award]." The Award is "in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly addressed in or excluded from [the Award] are hereby denied." Doc. 1, Ex. A at 3.

On April 2, 2019, POET filed with the Court its Application to Confirm Arbitration Award ("Application"). Doc. 1. Andritz filed a response and joined in POET's Application. Doc. 12. In its response, Andritz disputes only two of the allegations detailed by POET in its Application. First, Andritz denies POET's characterization of the Award's language to the extent it states that only claims "under" the Engineering Contract and Performance Contracts were resolved by the Award. Andritz stated that "the Award clearly states that it fully settles all of POET's professional negligence, and alleged tortious conduct, as follows: 'This award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly addressed in or excluded from this Final Award are hereby denied." Doc. 12, ¶ 19. Second, although Andritz admits and joins in POET's request that this Court issue an order confirming the Award, Andritz argues that no monetary judgment should be entered against Andritz because all amounts due were paid by the deadline set forth in the Award. Doc. 12, ¶ 26. Andritz further states that POET's Application was unnecessary because it was filed without any consultation with Andritz and because Andritz did not intend to move to vacate the Award and that as a result, "Andritz should not be responsible for any costs of this action." Doc. 12, ¶ 26.

On May 13, 2019, POET filed its Reply brief in support of its Application.

## II. Discussion

Section 9 of the Federal Arbitration Act ("FAA") provides that "if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then any party may apply, within one year after an arbitration award is made, to the district court for an order confirming the award. 9 U.S.C. § 9. Section 9 of the FAA provides

3

that federal courts "must grant" an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of [the FAA]." *Id.* A district court "affords the arbitrator's decisions an extraordinary level of deference and confirms so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Wells Fargo Bank, N.A. v. WMN e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2001) (quoting *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008)).

A motion to vacate, modify, or correct and arbitration award must be filed within 90 days of the initial arbitration award. 9 U.S.C. § 12; *Domino Group, Inc. v. Charlie Parker Memorial Foundation*, 985 F.2d 417, 419 (8th Cir. 1993). Failure to do so waives any defenses to confirmation of the arbitration award. *Domino Group*, 985 F.2d at 419-20.

In the present case, pursuant to the FAA and Section A.4.4.5[1] of the Performance Contract, POET has applied to this Court, within one year of the arbitration award being made, for an entry of judgment confirming the award. Although 90-day deadline to file a motion to vacate, modify, or correct arbitration award has not yet expired, Andritz has joined in POET's Application. Doc. 12.

At issue, however, is whether a monetary judgment should be entered against Andritz due to the fact that all amounts due have already been paid by the deadline set forth in the Award. Andritz joins in POET's request to this Court to issue an order confirming the Award, but states that no monetary judgment should be entered against Andritz because it has already satisfied all amounts due. Doc. 12, ¶ 26. POET argues, however, that the FAA provides for an entry of judgment for the full amount of the Award and that the proper course, in light of Andritz's interim satisfaction of the Award, is for POET to file a notice of satisfaction of the judgment promptly upon entry of the Court's order and judgment confirming the Award and entering judgment in favor of POET. Doc. 13 at 3.

In the present case, the parties agreed in the Performance Contract that upon a final award rendered by the arbitrators, judgment may be entered in any court having jurisdiction thereof. The

---

[1] Section A.4.4.5. of the Performance Contract provides that "[t]he award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." Doc. 1, Ex. 3.

4

Court concludes that pursuant to the FAA, a party moving for an order confirming an arbitration award is entitled to an entry of judgment thereon. Specifically, section 13 provides that:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
>
> . . .
>
> The judgment shall be docketed as if it were rendered in an action.
>
> The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

9 U.S.C. § 13. Accordingly, a separate judgment will be entered by the Court in this matter in favor of POET and against Andritz in the total principal amount of $7,533.815.00, with each party to bear its own costs. The Judgment will not be filed until a Satisfaction of Judgment is provided for filing.

For the foregoing reasons, it is ORDERED that POET's Application to Confirm Arbitration Award, Doc. 1, is GRANTED.

Dated this 14th day of May, 2019.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

/s/ Matthew Thielen